NOURSE & BOWLES, LLP
Attorneys for Plaintiff
EMERALDIAN LIMITED PARTNERSHIP
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EMERALDIAN LIMITED PARTNERSHIP,

               Plaintiff,

            - against -                  08 Civ. 2991 (RJH)

WELLMIX SHIPPING LIMITED,

               Defendant.
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER OF
MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES OF THE SUPPLEMENTAL RULES FOR
CERTAIN ADMIRALTY AND MARITIME CLAIMS
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

PRELIMINARY STATEMENT

Plaintiff, Emerald Limited Partnership ("Plaintiff") respectfully submits this Memorandum of Law in support of its application for an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in connection with Plaintiff's admiralty and maritime claims in the amount of $7,593,015.30 resulting from breach of a charter party.

## STATEMENT OF FACTS

On or about December 3, 2007 a charter party for the vessel M/V VINE was entered into between, Plaintiff, as disponent owner, and defendant, Wellmix Shipping Limited ("Defendant"), as charterer, for a voyage from Itagui, Brazil to Shekou, P.R.C. The charter provides that disputes are to be heard in the High Court in London with English law to apply.

During the course of the charter, demurrage was incurred when the Vessel was delayed at Itagui, Brazil. As a result, demurrage in the amount of $5,093,015.30 is now due Plaintiff by Defendant.

Plaintiff is preparing to commence suit in the High Court in London against Defendant. Legal costs, including solicitor's and counsel's fees are recoverable in London and it is estimated that such costs will amount to $1,000,000 at today's exchange rate. In addition, interest is recoverable in actions in London which is estimated to be $1,500,000, based on a compound rate of interest of 8.5%, compounded quarterly, as is the practice in London, for 3 years on the principal amount due under the charter ($5,093,015.00), all for a total claim by Plaintiff against Defendant of $7,593,015.00. Plaintiff seeks a maritime attachment and garnishment in this Court in the amount of $7,593,015.30 to provide security for its claims in the High Court of London.

# ARGUMENT

## AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULE B(1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION

Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B(1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim in personam a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or the plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under a charter party which is maritime contract and therefore is a claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, The Law of Admiralty 22, n. 65 (2d ed. 1975); 1 Benedict On Admiralty § 184 at 12-11 (7th rev. ed. 2002). Vietrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987); CTI-Container Leasing Corp. v. Oceanic Corp., 682 F.2d 377, 380, n.4 (2d Cir. 1982). Because Plaintiff possesses a maritime claim, it may secure a maritime attachment pursuant to Supplemental Rule B(1) against all assets and property

(up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant[s] shall not be found within the district." Supplemental Rule B(1).

Application for a maritime attachment is ex parte and no advance notice is required.

As stated in the 1966 Advisory Committee Notes to Supplemental Rule B, no notice was provided for because "[n]one is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant." In their comments on the 1985 Amendment, the Committee noted that Supplemental Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . ." Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district. A simple order with conclusory findings is contemplated.
>
> Id.

Service of a writ of maritime attachment is not the same as an actual attachment. If there is no property in the garnishee's hands, there is no attachment, and therefore no

requirement for notice under Local Rule B.2. If Rule B.1[1] were interpreted to require notice before any property was actually seized, that would enable a defendant to divert its funds and thus defeat the very purpose of maritime security in a case against a foreign or transient defendant. Therefore, Plaintiff may proceed *ex parte* and provide notice promptly <u>after</u> a successful attachment.

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendant cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. <u>See Seawind Compania, S.A. v. Crescent Line, Inc.</u>, 320 F.2d 580, 582 (2d Cir. 1963); <u>see also</u> 29 <u>Moore's Federal Practice</u> § 705.02[2][b] (Matthew Bender 3d ed.). As explained in the accompanying affidavit of Armand M. Paré, Jr., Defendant cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. <u>Polar Shipping Ltd. v. Oriental Shipping Corp.</u>, 680 F.2d. 627, 632 (9th Cir. 1982); <u>Staronset Shipping Ltd. v. North Star Navigation Inc.</u>, 659 F. Supp. 189, 191 (S.D.N.Y. 1987); <u>Andros Compania Maritima, S.A. v. Andre and Cie, S.A.</u>, 430 F. Supp. 88 (S.D.N.Y. 1977). See also <u>Drys Shipping Corp. v. Freight of the M.S. DRYS</u>, 558 F.2d 1050 (2d Cir. 1977).

---

[1] Local Admiralty Rule B.1 "Affidavit That Defendant Is Not Found Within the District," states:
   The affidavit required by Supplemental Rule B(1) to accompany the complaint and the affidavit required by Supplemental Rule B(2)(c), shall list the efforts made by and on behalf of the plaintiff to find and serve the defendant within the district.

Plaintiff seeks to attach Defendant's assets in the hands of non-parties. In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is required. Plaintiff therefore respectfully requests that the Court issue an order authorizing process of maritime attachment and garnishment in order to secure Plaintiff's claim in London in the amount of $7,593,015.30, as nearly as can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
     March 24, 2008

                         NOURSE & BOWLES, LLP
                         Attorneys for Plaintiff
                         EMERALDIAN LIMITED PARTNERSHIP

                         By:_____
                            Armand M. Paré, Jr. (AP-8575)
                            One Exchange Plaza
                            At 55 Broadway
                            New York, NY 10006-3030
                            (212) 952-6200